MARTIN v. ONE HUNDRED AND EIGHTY-TWO THOUSAND TWO HUNDRED AND FIFTY-NINE FEET OF HEMLOCK LUMBER.

*(District Court, E. D. New York. December 4, 1888.)*

1. SHIPPING—FREIGHT—RECOUPMENT—TOWAGE.

Libelant contracted to transport a cargo of lumber in a canal-boat to pier 4, East river. Through the mistake of the shipper, no consignee appeared, and finally the claimant, at the request of the shipper, agreed to take the cargo for his account, and with his own tug towed the canal-boat to the Erie basin, where his yards were situated. *Held,* that claimant could not recoup against the claim for freight the cost of towage; libelant's contract was complete when the boat arrived at pier 4.

2. SAME—COSTS OF DISCHARGE.

Nor could he recoup for moneys paid extra hands employed in discharging the lumber, the evidence being conflicting as to whether they were employed at the request of the master, and on his account, to aid him in the ordinary discharge of the cargo.

In Admiralty. Libel for freight and demurrage.

*Anson B. Stewart,* for libelant.

*Hobbs & Gifford,* for claimant.

BENEDICT, J. This is an action to recover freight and demurrage alleged to be due upon a contract for the transportation of a cargo of lum-

ber in the canal-boat Lizzie Campbell. The lumber was shipped at Albany by Boyd & Co., who gave directions that it be delivered at pier 4, East river, New York city, to one George Adams. A shipping memorandum to that effect was issued. Under that contract the cargo was transported in the canal-boat to pier 4, East river, where it arrived on Thursday, September 1st. Owing to some mistake on the part of the shipper, no consignee appeared, or could be found, to receive the cargo; and finally, by the request of the shipper, the claimant Thomas McCaldin agreed to take the cargo for their account. McCaldin then sent one of his tow-boats to pier 4, East river, where the canal-boat was taken in tow, and carried to the claimant's yard at the Erie basin, and there the lumber was discharged at the bulk-head foot of Walcott street, outside of the basin. The discharge was completed on Wednesday following, and the canal-boat then towed back to pier 4 by one of the claimant's tow-boats. The gross freight amounted to $164.03. In addition to this freight the libelant claims four days' demurrage. The claimant disputes the right to claim any demurrage, and claims against the freight by way of recoupment, in addition to the sum of $37, paid to the master, and not in dispute, the sum of $8 for the towage of the boat from pier 4, East river, to the claimant's yard and back to pier 4, and the further sum of $36, paid by the claimant to three men employed by him to assist the master in landing and piling the lumber. As to the claim for towage my opinion is that, under the contract made in this case, the master was not required to take the lumber to a different place than that named in the contract, which was pier 4, East river, New York, and therefore that the claimant is not justified in deducting from the freight the expense of towing the boat from pier 4 to his yard and back again. As to the deduction of $36, sought to be made for money paid by the claimant to three men employed by him to aid in the discharge of the lumber at the Atlantic basin, there is a serious conflict of evidence. It appears that the usual method of discharging the lumber is to pile it in two tiers, but the libelant claims that in this case the lumber was required by the claimant to be piled in three tiers, involving extra labor, which the claimant provided at his own expense, and he produces some five witnesses, I think, to prove that the lumber was piled three tiers deep, and that McCaldin employed three men on his own account, because the lumber was required to be so piled, instead of in the ordinary method. On the part of the claimant there is testimony equally positive that the lumber was not piled three tiers, but only two, as is usual, and that these three men were employed by the claimant at the request of the master, and on his account, to aid him in the ordinary discharge of the cargo. Upon this issue the burden is upon the claimant, and upon testimony so conflicting I am unable to hold it proved that the extra men employed by the claimant were so employed at the request of the master, and for his account. This deduction cannot, therefore, be allowed. As to the libelant's claim for demurrage, it cannot be allowed. He is entitled to a decree for the full amount of freight,—$164.03,—with the costs of this action.